MERRITT, Circuit Judge,
dissenting.
In Johnson v. United States, — U.S. —, 130 S.Ct. 1265, 176 L.Ed.2d 1 (2010), the question was whether a defendant was subject to the mandatory 15-year sentence required by the Armed Career Criminal Act when the defendant’s predicate state offense under the federal Act was described by the Supreme Court as follows:
That conviction was for simple battery under Florida law, which ordinarily is a first-degree misdemeanor, Fla. Stat. § 784.03(l)(b), but is a third-degree felony for a defendant who (like Johnson) has been convicted of battery (even simple battery) before, § 784.03(2).
Id. at 1268-69. In the instant case, we have a similar situation of conversion of a simple, state battery misdemeanor statute into a felony for the second offense. The Armed Career Criminal Act requires that the predicate offense be “a violent felony.” The Court held that such a state misdemeanor offense enhanced into a felony offense because of a previous similar misdemeanor is not the type of predicate offense contemplated by the federal Act in question. Relying on the common law background of the battery offense, the Supreme Court rejected the government’s effort to mandate a 15-year sentence and reversed the mandatory sentence imposed by the lower federal courts for reasons that apply to the instant case, as well:
It is significant, moreover, that the meaning of “physical force” the Government would seek to import into this definition of “violent felony” is a meaning derived from a common-law misdemeanor. At common law, battery-aii battery, and not merely battery by the *579 merest touching-was a misdemeanor, not a felony.
It is unlikely that Congress would select as a term of art defining “violent felony” a phrase that the common law gave peculiar meaning only in its definition of a misdemeanor.
Id. at 1271-72.
Likewise, here we have a Michigan misdemeanor domestic abuse statute that can be violated in many ways, including psychological abuse, unwanted touching and pushing, as well as more forceful conduct. My colleagues go along with reclassifying or shifting a state misdemeanor domestic abuse statute into a violent felony statute because a Michigan trial judge simply enhanced the domestic relations violation in order to give the prisoner two years of parole supervision rather than one year. The state judge did not think that this crime deserved any time in prison at all but wanted to keep the defendant under supervision for longer than one year. Like the majority in the Johnson case, I do not believe that Congress intended for the Armed Career Criminal Act to be triggered under a state misdemeanor statute that simply authorizes a state judge to make this kind of enhancement. Turning misdemeanor domestic abuse statutes into predicate offenses under the federal 15-year statute when the wife or husband violates the local statute twice seems a far cry from the type of recidivism Congress had in mind when it decided to take the sentencing process away from the federal sentencing judge and impose a long mandatory sentence.
The instant case is, if anything, better for the defendant, Kearney, than in the Supreme Court’s Johnson case. Two things are clear in the instant case. First, the state trial judge enhanced the common law misdemeanor statute from a one year to a two year sentencing statute only in order to give Kearney a two year probationary sentence with no jail time. The judge thought that it would be better for the prisoner to be under supervision for longer than one year. Second, because the prisoner received a second year of probationary supervision in the state court, our court approves the sentence of the district court automatically adding almost 10 more years to his federal sentence.
If the Supreme Court’s holding and reasoning in Johnson is not sufficient to convince my colleagues that a contrary result is required, what about the Rule of Lenity? My colleagues seem to agree in footnote 6 that the federal Act is by no means clear in requiring the imposition of an extra 10 years’ incarceration in this case. I think we should reverse and remand and leave the sentence in the hands of the district judge to exercise his normal sentencing discretion. Otherwise, the Armed Career Criminal Act is vastly over inclusive and automatically makes domestic abuse a predicate offense whenever it is repeated a second time. This kind of formalistic reasoning has nothing to do with meting out fair retributive punishment because it does not allow the sentencing judge to impose a punishment that fits the crime or fits the overarching principle of the Sentencing Reform Act: the imposition of a sentence “not greater than necessary,” 18 U.S.C. § 3553(a).